[Cite as *In re D.E.*, 2016-Ohio-1389.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re D.E.                                      Court of Appeals No. L-15-1306

                                                Trial Court No. JC 14244675


                                                **DECISION AND JUDGMENT**

                                                Decided:  March 31, 2016

* * * * *

Tim A. Dugan, for appellant.

Jeremy G. Young, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court

of Common Pleas, Juvenile Division, which terminated appellant's parental rights.

Because we conclude that the trial court did not err in its determinations, we affirm.

{¶ 2} This case began on December 12, 2014, when appellee, Lucas County

Children Services, ("LCCS") filed a complaint in dependency, abuse, and neglect and a

motion for a shelter care hearing.  According to the complaint, LCCS received a referral stating that since the birth of appellant's child, D.E., some weeks before, the baby had lost 13 pounds and was jaundiced.  The baby was admitted to the hospital.  There were no underlying health problems which would have caused the weight loss.  Appellant told hospital personnel that she had no diapers or formula for the baby.  The baby's blood tested positive for tramadol, an opioid pain medication.  Hospital personnel also reported that appellant had to be repeatedly reminded to feed the baby.  Following a shelter care hearing, D.E. was placed in the temporary custody of M.R., appellant's cousin.

{¶ 3} On February 3, 2015, LCCS filed an amended complaint in dependency, neglect and abuse and a motion for a shelter care hearing.  According to the amended complaint, M.R. reported to appellee she could no longer keep D.E.  She complained that appellant and her boyfriend continually dropped by for unscheduled visits with D.E. When they did so, they were disruptive to the point that M.R. had to call the police on three occasions.  M.R. agreed to keep D.E. for two more weeks so that LCCS could find an appropriate placement.  However, LCCS learned that instead, M.R., without notifying LCCS, placed D.E. with the boyfriend's mother.

{¶ 4} On January 30, 2015, an ex parte order was issued awarding emergency, temporary custody of D.E. to LCCS.  In their complaint, LCCS sought temporary custody of D.E. noting that they were unable to find an appropriate relative to take custody. Following a shelter care hearing, LCCS was awarded temporary custody of D.E.

2.

**{¶ 5}** On May 28, 2015, LCCS filed a motion for permanent custody. After a hearing, the court granted the motion. Appellant now appeals setting forth the following assignments of error:

> I. Appellee failed to prove by clear and convincing evidence that the children could not be returned to appellant within a reasonable time and that permanent custody was in the best interests of the children.

> II. The juvenile court abused its discretion in denying appellant's motion to extend temporary custody.

### Permanent custody hearing

**{¶ 6}** The hearing began on October 21, 2015. Appellant did not attend.

**{¶ 7}** LCCS caseworker, Casei Savage, testified that she was assigned to appellant's case. Appellant has a history with the agency. Prior to D.E.'s birth, appellant had lost custody of her three other children. Savage testified that she lost custody of them because she never followed through with her case plan which called for mental health services and substance abuse treatment. Further, she lacked the initiative to properly parent them.

**{¶ 8}** For purposes of this case, appellant's case plan called for her to engage in mental health and substance abuse treatment, domestic violence services and parenting classes. She has been diagnosed with a persistent, depressive disorder. Appellant declined medication for the disorder. She attended outpatient substance abuse classes and, at first, appeared to be doing well. However, Savage testified that appellant recently

3.

tested positive for cocaine, twice in one month and just weeks before her permanent custody hearing. Appellant received counseling for domestic violence issues but she did not attend parenting classes.

{¶ 9} Savage testified that appellant is very good with D.E. when she visits him. She described appellant as "a good visitor" and she noted that appellant regularly visits him.

{¶ 10} Savage testified that D.E. has asthma and a heart murmur. He will need daily medication and regular doctor's visits. Currently, he resides with a foster family who is willing to adopt him.

{¶ 11} Savage testified that she believed it would be in D.E.'s best interest for LCCS to be awarded permanent custody of him. She pointed out that appellant has failed to maintain her sobriety and to follow through with her other services. She testified that she did not believe appellant was capable of meeting D.E.'s needs on a regular basis. Savage was especially concerned with appellant's lack of consistency when it came to engaging in services. She was also concerned with the lack of stability appellant brings to D.E.'s life. She stated: "[S]he does not show the initiative * * * to be able to maintain her own needs for a sufficient length of time let alone to be able to maintain his needs."

{¶ 12} Savage additionally stated that she found it disturbing that appellant did not show up for the hearing noting that Savage herself had told appellant about the hearing as did appellant's counselor.

4.

{¶ 13} The guardian ad litem ("GAL") testified that she also served as guardian for appellant's other three children. She recommended that permanent custody of D.E. be awarded to LCCS. Her main reason echoed Savage's opinion regarding appellant's lack of consistency in following through with services intended to assist her in regaining custody. The GAL brought up the fact that appellant has a very bad temper which recently resulted in an assault charge when she spit on a sheriff's deputy at the jail who was attempting to book her on a charge of disorderly conduct- intoxication.

{¶ 14} Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least 12 months of the prior 22 months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see* also, *In re William S.*, 75 Ohio St.3d 95, 99, 661 N.E.2d 738 (1996).

{¶ 15} Clear and convincing evidence is that which will produce in the trier of fact "'a firm belief or conviction as to the facts sought to be established.'" *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985), quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.

5.

{¶ 16} Appellant, in her first assignment of error, contends that appellee failed to prove that D.E. could not be returned to either parent within a reasonable time. R.C. 2151.414(E) requires a trial court to "consider all relevant evidence" when determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with either parent. The statute further directs a court to find that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if clear and convincing evidence shows the existence of any one of the enumerated factors.

{¶ 17} The court found that the following enumerated factors existed:

> Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. R.C. 2151.414(E) (1).

6.

* * * chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time * * * R.C. 2151.414(E) (2).

The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child. R.C. 2151.414(E) (4).

Any other factor the court considers relevant. R.C. 2151.414(E)(16).

{¶ 18} Specific to R.C. 2151.414(E) (1), the court found that LCCS has worked with appellant on her substance abuse problems, her mental health issues and her parenting issues since 2010 with little success. The court noted LCCS' history with appellant and her other children involved the same issues seen in this case. Her attendance for substance abuse treatment and mental health counseling was sporadic. She did not attend scheduled parenting classes.

{¶ 19} Specific to R.C. 2151.414(E)(2), the court found that appellant had tested positive for cocaine two weeks before the permanent custody trial despite maintaining a somewhat brief period of sobriety.

{¶ 20} Specific to R.C. 2151.414(E)(4), the court found that D.E.'s purported father showed a lack of commitment in that he failed to regularly support, visit or communicate with D.E.. He also failed to participate in genetic testing to determine paternity.

7.

**{¶ 21}** As for R.C. 2151.414(E)(16), the court emphasized appellant's history of inadequate parenting, not only to D.E., but to her other three children as well. The court noted that D.E., in particular, has some health problems which require added attention appellant appears incapable or unwilling to give in that she failed to attend parenting classes. The court also found the purported father's lack of involvement in any of the court proceedings to be relevant in terminating parental rights.

**{¶ 22}** Based on our review of the record, the court's finding that D.E. cannot and should not be placed with either parent within a reasonable time is supported by clear and convincing evidence.

**{¶ 23}** Appellant next contends that the court's finding that granting permanent custody of D.E. to LCCS is in the best interest of the child is not supported by clear and convincing evidence. R.C. 2151.414(D)(1) provides in pertinent part:

> In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
>
> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> * * *

8.

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶ 24} The court found, pursuant to R.C. 2151.414(D)(1)(a), that D.E. had bonded with his foster family and he is currently living in a safe, stable and appropriate environment. As for R.C.2151.414(D)(1)(d), the court found that D.E. was in need of a legally, secure, permanent placement that can only come from permanent custody as the child has already spent most of his young life out of his mother's custody .

{¶ 25} After reviewing the evidence, we find there is clear and convincing evidence to support the trial court's decision that it is in the best interest of D.E. to award permanent custody to LCCS. Appellant's first assignment of error is found not-well taken.

{¶ 26} In her second assignment of error, appellant contends the court abused its discretion in denying her counsel's motion to extend temporary custody so that appellant could have more time to complete her services.

{¶ 27} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 28} The record shows that there were times during appellant's involvement with LCCS where she seemed to make some progress on completing her case plan. However, the only consistent aspect of her participation was her repeated lack of follow

9.

through, not only with D.E. but with her other children as well. The trial judge no doubt recognized her progress when she stated on the record at the permanent custody hearing:

> [I]f mom had shown up today, considering the amount of services that she has done and if she had shown up today and appeared to be really on board and wanted to pursue this, I probably would have considered extending temporary custody and granting your motion * * * because it has been less than a year. But it doesn't seem to me that she's committed * * * at this time.

{¶ 29} In view of appellant's history with LCCS, the many opportunities she had to complete her case plan and her failure to attend the permanent custody hearing, we cannot say the court abused its discretion in denying the motion to extend temporary custody. Appellant's second assignment of error is found not well-taken.

{¶ 30} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                              JUDGE
Arlene Singer, J.                  

                                                 _____
Stephen A. Yarbrough, J.                                 JUDGE
CONCUR.

                                                 _____
                                              JUDGE

10.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.